UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. RDB-11-0237 |
| ANTWAUN ANTHONY AUSTIN<br>    Defendant | * | |
| | * | |

\* * * * * * * * * * * * *

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL AND RENEWED MOTION FOR A JUDGMENT OF ACQUITTAL

The United States of America, by and through undersigned counsel, hereby responds to the Defendant's Motion for New Trial and Renewed Motion for Judgment of Acquittal (Doc. No. 56). For the reasons stated below, the Motions should be denied. As the Court found at the close of the government's case, the evidence presented at trial was more than sufficient for a rational trier of fact to find the Defendant guilty beyond a reasonable doubt, and the Defendant's motion for a new trial is without merit, as he alleges no error -- the government stated that it would not introduce evidence of the Defendant's immigration status and testimony that the Defendant spoke in a foreign language does not reflect one's immigration status.

I.  **BACKGROUND**

At trial, the government introduced evidence that the Defendant joined a conspiracy to distribute marijuana. The Defendant, a Fed Ex driver, provided other members of the conspiracy the addresses of stores along his route. The co-conspirators sent packages containing marijuana addressed to those stores. The Defendant's role was to deliver those packages to locations other than those to which the packages were addressed in order to covertly facilitate the distribution of the drugs.

In brief, the government's evidence at trial showed (1) a package containing marijuana sent from California addressed to a retail store on the Defendant's delivery route was intercepted by law enforcement and a controlled delivery of that package revealed it was not intended to be delivered to that store; (2) a month later, another package with a nearly identical tracking number and also sent from the same area in California was scanned by the Defendant in the Federal Express system as delivered to its destination, when in fact it was not so delivered but instead taken by the Defendant to an unknown location; and (3) the Defendant sent text messages containing the addresses of stores on his route to another individual, and then several days later five boxes of marijuana were sent from the same area in California to those stores, (4) the Defendant, after making suspicious driving maneuvers, mis-delivered the five boxes to a store to which the boxes were not

2

addressed; (5) while making that delivery he behaved nervously and suspiciously and according to employees of the store acted distinctly out-of-character; and (6) the marijuana in the five boxes was valued at approximately $170,000 by a DEA expert witness.

The Defendant made a motion for a judgment of acquittal at the close of the government's case. The Court denied that motion, finding that, taking the evidence in the light most favorable to the government, a rational juror could find the Defendant guilty beyond a reasonable doubt. After the defense case and closing argument, the jury returned a verdict of guilty as to both counts charged in the indictment.

Prior to trial, the Court having excluded evidence that the Defendant left the country two days after mis-delivering the packages of marijuana and being stopped by the police, the government stated that it did not intend to introduce evidence of the Defendant's *immigration status* as a non-U.S. citizen. During the trial, one of the employees of the store at which the Defendant mis-delivered the boxes of marijuana testified that the Defendant spoke to another individual in the store in a foreign language while delivering the boxes. During the defense case, defense counsel called as a witness a relative who testified about the Defendant's Guyanese heritage and upbringing in Guyanese household.

## II. ARGUMENT

### A. Motion for a Judgment of Acquittal

The Defendant offers no reason for the court to make a ruling contrary to its denial of the Defendant's motion for a judgment of acquittal at the close of the government's case. The standard for such a motion is that it should be denied if the evidence, when viewed in the light most favorable to the Government, is sufficient to sustain a finding of guilt beyond a reasonable doubt as to each essential element of the offense." *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998); *see also United States v. Arrington*, 719 F.2d 701, 704-05 (4th Cir. 1983). The Court should not consider the credibility of the witnesses. *Romer*, 148 F.3d at 364; *Arrington*, 719 F.2d at 704. As the Court found at the close of the government's case, the evidence at trial more than satisfied that standard, and there is no basis now to vary from that appropriate ruling.

### B. Motion for a New Trial

The Defendant requests a new trial because of the insufficiency of the evidence. This motion should be denied because the evidence was more than sufficient for the jury to find the Defendant guilty, as explained above. *United States v. Smith*, 451 F.3d 209, 216-27 (4th Cir. 2006) (a jury verdict is to be overturned pursuant to Fed. R. Crim. P. 33 only in the "rare circumstance" when the "evidence weighs heavily against it").

The Defendant also argues that because the government introduced evidence that the Defendant spoke in a foreign language, somehow that equates to evidence that he is not a U.S. citizen, and thus contravened government counsel's statement prior to trial that the government would not introduce evidence of the Defendant's immigration status. The Defendant was thus denied the opportunity to question the potential jurors about bias against non-citizens, he asserts. This argument should be rejected. Under Fed. R. Crim. P. R. 33, a trial court should grant motion for a new trial based on error only if the Defendant shows "error of a sufficient magnitude to require reversal on appeal." *United States v. Aksu,* 2013 WL 3357835, at * 2 (D. Md. July 2, 2013). Such discretion to award a new trial should, however, be used "sparingly." *Smith*, 451 F.3d at 216-27 (4th Cir. 2006).

Here, there is simply no error on which to base the award of a new trial. Whether the government's contravention of a statement of its intent not to introduce a certain type of evidence could be the basis for a motion for a new trial is debatable, but that is not what happened here. The government introduced evidence – without a defense objection – that the Defendant spoke in a foreign language, which is *not* evidence of his immigration status. Numerous U.S. citizens speak foreign languages and likewise numerous non-U.S. citizens speak flawless English. As stated above, it was the *defense*, in its case in chief, which called a witness to discuss the Defendant's Guyanese heritage. Accordingly, the

government did not renege on any pretrial statement and there is no error on which to award a new trial.[1]

## III.  CONCLUSION

For the reasons laid out above, the government respectfully requests that the Court deny the Defendant's Motion for a Judgment of Acquittal and Motion for a New Trial.

This 8th day of August, 2013

                                        Respectfully submitted,

                                      ROD J. ROSENSTEIN
                                      UNITED STATES ATTORNEY

                                      /ss/
                                      Evan T. Shea
                                      James G. Warwick
                                      Assistant United States Attorneys

---

[1] The Defendant's motion for a new trial should also be denied because during voir dire the Court asked the jury whether they had any prejudice based on race, religion or any other characteristic, which adequately addressed any concern about the jurors' bias based on the defendant's foreign birth.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this Response to Defendant's Motions was filed using CM/ECF on August 8, 2013 and served on all parties electronically via that system.

/s/_____
Evan T. Shea
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD 21201
410-209-4982